JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E), and Loc.R. 12 and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Geraldine Beasley appeals from the judgment of the Hamilton County Municipal Court issuing a writ of restitution to plaintiff-appellee Cincinnati Metropolitan Housing Authority (CMHA).
Beasley is a tenant in CMHA housing. On August 29, 2003, Beasley was served with a written notice from CMHA, which stated that CMHA was evicting Beasley because she and her guests had violated several provisions of her lease agreement.[1] In particular, the letter stated that Beasley had verbally abused and threatened a security guard; that she had been charged with contributing to the delinquency of a minor and improper handling of a firearm in a motor vehicle on CMHA premises; and that she and her minor guests had engaged in unruly behavior, disorderly conduct, and fighting, which had disturbed the peaceful enjoyment of Beasley's neighbors. On October 6, 2003, CMHA served Beasley with a three-day notice to leave her apartment. When Beasley failed to vacate her apartment, CMHA filed a complaint for forcible entry and detainer against her. Beasley filed an answer denying that she had breached the lease agreement.
On November 20, 2003, an eviction hearing was held before a magistrate. Beasley appeared pro se at the hearing. CMHA presented documentary evidence and testimony from three witnesses. John Dailey, the property manger for Beasley's building, testified that he had received numerous complaints about Beasley and her minor guests disturbing the quiet enjoyment of the premises. The complaints began in July 2002 and continued through August 2003. Dailey stated that he had not personally witnessed any of the incidents, but had taken complaints from other tenants, which he kept filed in the rental office. Dailey testified that he met with Beasley twice to discuss the troublemaking incidents. Both times Beasley denied leaving her guests unsupervised in the building and further denied their involvement in the troublemaking incidents. He testified that Beasley had signed a form after the first meeting stating that she would abide by the terms of her lease agreement and would not leave her guests unsupervised. Dailey testified that CMHA was pursuing its eviction action against Beasley because of her guests' repeated lease violations, the most recent being an August 2003 altercation between Beasley and her guests and a security guard at the building.
James Yarborough testified that Beasley's guests had thrown an object at him and encircled him in the building's parking lot. Yarborough testified that Beasley was present during the incident, but did nothing to control her guests' actions toward him. Yarborough testified that he felt so threatened that he pulled out a pocketknife to protect himself. Yarborough stated that he reported the incident to Dailey and to the police. Yarborough further stated that he and Beasley had met with Dailey to discuss the incident. Josephine Winn,[2] another resident in the building, testified that she had tried to use the elevator in the building, but that Beasley's guests had blocked the elevator with a bucket. Winn testified that she reported the incident to Dailey shortly thereafter.
Beasley testified on her own behalf. She stated that she mentored approximately twelve minor children who visited her 2 to 3 times each week. Beasley admitted that she had difficulty controlling some of the older children, but denied that any of the children she mentored had ever been involved in the troublemaking incidents in her building. Beasley testified that there were a lot of children in the building who were left unsupervised. Beasley acknowledged meeting with Dailey in December 2002 and July 2003 and telling him that she would be with her guests at all times. With respect to the parking-lot incident, Beasley testified that Yarborough had been harassing her and that he had been the aggressor. Beasley testified that Winn, along with the other residents in the building, were senior citizens who had nothing to do, so they filed complaints for every trivial thing that happened to them. Beasley acknowledged on cross-examination that she had been charged with two counts of contributing to the delinquency of a minor, which stemmed from an incident between two of her guests and security guard at the building, but stated that the charges had since been dismissed.
Beasley also called another resident from the building, William Thomas, to testify on her behalf. Thomas testified that he had seen Beasley and her guests arguing with a security guard at the building. Thomas also testified that he had never seen Beasley's guests in the building unsupervised.
At the conclusion of the hearing, the magistrate found that Beasley had violated her lease by failing to control the actions of her guests. The magistrate entered judgment for CMHA and granted it a writ of restitution. Shortly, thereafter, Beasley filed objections to the magistrate's decision, which the trial court overruled.[3] Beasley now appeals, raising two assignments of error.
In her first and second assignments of error, Beasley contends that the trial court's judgment granting restitution of the premises to CMHA was against the weight and sufficiency of the evidence. Because these assignments are interrelated, we address them together.
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."[4] In considering whether the trial court's judgment is against the manifest weight of the evidence, the reviewing court is guided by the presumption that the findings of the trier of fact are correct.[5]
Beasley argues that CMHA's proof was insufficient to evict her because it failed to present any evidence relating to several allegations in its complaint, namely that her guests had harassed a security guard, that she had improperly handled a firearm in a motor vehicle on CMHA property, that she had been charged with unruliness and delinquency of a minor, and that the police had been routinely called to the building as a result of her and her guests' behavior. But CMHA's termination of the lease was based on the ongoing situation involving Beasley and her guests' unruliness. As CMHA points out, the termination notice identified, and CMHA's witnesses testified to, three other incidents involving Beasley and her minor guests upon which CHMA had relied in pursuing the eviction action. Because the unsubstantiated incidents were not the sole precipitating factor in CMHA's decision to file the eviction action and because CMHA presented competent, credible evidence that Beasley's minor guests had been involved in other incidents that constituted a breach of the terms of Beasley's lease, we cannot say the trial court's judgment was against the manifest weight of the evidence, or that the evidence was insufficient to support the judgment.
Beasley also contends that the trial court's judgment was against the manifest weight of the evidence because many of the tenant complaints in her file were unfounded and unsubstantiated, and, thus, that the magistrate erred in admitting them into evidence. While we agree that the magistrate erred in admitting the written tenant complaints under the business-records exception to the hearsay rule, CMHA presented other competent, credible evidence showing that it had good cause for the eviction.[6] We, therefore, overrule Beasley's first and second assignments of error, and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
[1] The letter stated that Beasley had violated Part II, Sections I(9), I(11), I(13), I(15), and I(16) of her lease agreement.
[2] Her name also appears as Josephine Erwin and Josephine Quinn in portions of the record.
[3] The trial court stayed the writ of restitution during the pendency of Beasley's appeal.
[4] C.E. Morris Co. v. Foley Consr. Co. (1978), 54 Ohio St.2d 279, 280,376 N.E.2d 578.
[5] Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81,461 N.E.2d 1273.
[6] Cf. Norwalk North Apts. v. Holiday (June 10, 1994), 6th Dist. No. H-93-37.